## BIBB MFG. CO. v. ROSE, Collector of Internal Revenue.*

### No. 7835.

Circuit Court of Appeals, Fifth Circuit.

Jan. 18, 1936.

J. C. Murphy, of Atlanta, Ga., and Scott Russell, of Macon, Ga., for appellant.

W. B. Waldo, Sp. Asst. to the Atty. Gen., Frank J. Wideman, Asst. Atty. Gen., and Sewall Key, Sp. Asst. to the Atty. Gen., and M. Neil Andrews, Asst. U. S. Atty., of Atlanta, Ga., for appellee.

Before FOSTER and HUTCHESON, Circuit Judges, and HOLMES, District Judge.

*Rehearing denied March 2, 1936.

FOSTER, Circuit Judge.

This is an appeal from a judgment, entered on a directed verdict, denying recovery of income taxes alleged to be an overpayment illegally exacted by the collector. The only assignment of error pressed runs to the direction of the verdict.

There is no dispute as to the material facts, which may be somewhat briefly stated. Appellant, Bibb Manufacturing Company was engaged in making cotton fabric used in the manufacture of rubber automobile tires. It made returns of income taxes for its fiscal year ending August 31, 1920. The Commissioner assessed additional taxes of $303,674.84, which were paid to the collector, and recovery of which is herein sought. It is conceded that the use of inventories was necessary in order to clearly determine the income of the taxpayer, as provided in section 203 Revenue Act of 1918 (40 Stat. 1060). It had been customary for the taxpayer to value these inventories at cost or market, whichever was lower. At the close of its fiscal year, August 31, 1920, appellant had on hand a large amount of Sea Island, Egyptian, and Peeler cotton. This was all inventoried at market, which was lower than cost. The total inventory value of this cotton at market was $2,040,468. If inventoried at cost, the value was $3,015,-398.37. Appellant also had a large number of unfilled orders, which the greater part of the cotton on hand would have been needed to execute. Owing to general business conditions, some of the tire manufacturers could not use the fabric they had ordered, were unable to pay for it on delivery, and had notified appellant that deliveries would not be accepted.

There were no clauses in the contracts that authorized either party to cancel them at will. However, appellant acceded to the wishes of its customers and canceled or modified the existing contracts. It does not appear that any contract affecting the result in this case was canceled before the end of the fiscal year.

Article 1584 of Regulations 45, adopted in connection with the Revenue Act of 1918 (as amended by T.D. 3296, C.B.I.-1, p. 42), so far as necessary to quote, provides as follows: *"Inventories at Market.* —Under ordinary circumstances and for normal goods in an inventory, 'market' means the current bid price prevailing at the date of the inventory for the particular merchandise in the volume in which

usually purchased by the taxpayer, and is applicable in the cases (a) of goods purchased and on hand, and (b) of the basic elements of cost (materials, labor and burden) in goods in process of manufacture and in finished goods on hand; exclusive, however, of goods on hand and process of manufacture for delivery upon firm sales contracts (i. e. those not legally subject to cancellation by either party) at fixed prices entered into before the date of the inventory, which goods must be inventoried at cost."

Applying the regulation, the Commissioner ruled that the amount of cotton on hand that would be necessary to complete the unfilled orders in force at the end of the fiscal year should be inventoried at cost.

The validity of the regulation above quoted is not challenged, and its interpretation by the Commissioner appears to have been uniform in the Treasury Department. Appeal of Ewing-Thomas Converting Co., 1 B.T.A. 121; Crown Mfg. Co. v. Commissioner, 12 B.T.A. 37; Mutual Chemical Co. v. Commissioner, 12 B.T.A. 578. It is true that in this particular case a considerable hardship is occasioned appellant by the application of the regulation, but we find no ground upon which the ruling of the Commissioner could be validly set aside.

The record presents no reversible error.

Affirmed.